IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| 500 OAKWOOD LLC, *et al.*, | ) | |
| | ) | Case No. 10-34821 |
| Debtors. | ) | |
| | ) | |

## FINAL ORDER APPROVING SALE OF REAL PROPERTY

This matter coming before the Court on the Motion Under 11 U.S.C. §§ 105, 363(b), 1123(b)(4), and 1141 for (I) Sale of Real Property Free and Clear of Liens, Claims Encumbrances and Interests, (II) Approval of Procedures for Sale of Real Property, and (III) Related Relief (the "*Motion*")[1]; and the Court having been advised that the highest and best bid for the Property was received by Edward J. Bilik or his nominee (the "*Successful Bidder*" or "*Purchaser*") and that 500 Oakwood LLC (the "*Debtor*") wishes to obtain authorization to sell the Property to the Successful Bidder free and clear of liens, claims, interests and encumbrances and on the terms and conditions set forth herein;

**IT IS HEREBY FOUND AND DETERMINED AND ORDERED THAT:**

1.  The Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, 364, 365 and 503 and Fed. R. Bankr. P 2002, 6004, 6006, 9008, 9014 and 9019.

---

[1] Unless otherwise indicated herein, all capitalized terms shall have the meaning ascribed thereto in the Motion.

2. Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief granted herein is in the best interests of the Debtor, its estate, its stakeholders, and other parties in interest. The Debtor has demonstrated good, sufficient and sound business purpose and justifications for the entry hereof pursuant to 11 U.S.C. § 363(b).

4. Notice of the Motion and the Hearing was sufficient under the circumstances and no further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

5. At the closing of the sale of the Property to the Purchaser (the "*Closing*"), the Purchaser shall pay an amount equal to the applicable purchase price of $1,450,000 (which amount will take into account a credit of the $25,000 deposit already received), in immediately available funds, and the purchase price (to which the liens will immediately attach) will be paid at closing as follows:

    a. to cover the fees and expenses of the Sale, including legal fees *and U.S. Trustee fees*;
    b. to Lake County Taxing authority on account of the $70,816.24 owed in respect to the real estate taxes for the Property,
    c. to the holders of liens or other encumbrances on the Property in the order of priority under State law;
    d. to holders of allowed administrative claims;
    e. to the holders of unsecured claims, if any; and
    f. to 500 Oakwood.

6. Purchaser's offer to purchase the Property constitutes the Successful Bid pursuant to the Bidding Procedures.

7. The consideration to be provided by Purchaser for the Property (i) is fair and reasonable, (ii) is the highest and best offer for the Property, (iii) will maximize the existing value of the Property, (iv) will provide a greater recovery for the Debtor's creditors and

other interested parties than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Code, the Uniform Fraudulent Transfer Act and all other applicable laws.

8.   The sale of the Property shall be and shall constitute a legal, valid, and effective transfer of the Property and, except as otherwise provided herein or in a purchase agreement, shall be free and clear of any and all liens, claims, interests, liabilities and encumbrances whatsoever to the fullest extent permitted by Section 363(f) of the Bankruptcy Code prior to the date of the Closing, known or unknown, whether arising under any employment, pension, environmental, advertising, products liability or other similar laws or successor liability claims or interests or otherwise, including, without limitation: (i) all "liens" as defined in Section 101(37) of the Code, and whether consensual, statutory, possessory, judicial or otherwise ("Liens"); (ii) all "claims" as defined in Section 101(5) of the Bankruptcy Code ("Claims"); (iii) all encumbrances of any kind in favor of secured creditors or any other known creditors of the Debtor; and (iv) those interests (1) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's interest in the Property, or any similar rights, and (2) relating to taxes arising under or out of, in connection with, or in any way relating to or arising under the operation of the Debtor's Business or the Property prior to the consummation of Closing (collectively, with Liens and Claims, the "Interests"). Any and all valid Interests shall attach to the net proceeds of sale pursuant to Section 363(e), (f) of the Bankruptcy Code, to the same extent and with the same validity and priority that existed immediately prior to the Closing.

9. This Court shall retain jurisdiction to determine the validity, extent and priority of the Interests, as well as the extent to which such Interests may attach to the net sale proceeds. All net proceeds shall be held in escrow after the Closing and shall not be distributed without further Order of this Court.

10. Purchaser made its offer in good faith and Purchaser is in all respects a good faith purchaser and, as such, is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code. Purchaser will be acting in good faith within the meaning of Section 363(m) of the Code in consummating the sale transaction

DATED: 1/24/12

ENTER:

/s/ Jacqueline P. Cox
United States Bankruptcy Judge

**Prepared by**:

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (847) 239-7248
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com
       slorber@wfactorlaw.com
       Counsel for 500 Oakwood LLC

4