**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **500 Oakwood LLC**, | Bankruptcy No. 10-34821 |
| Debtor. | Honorable Jacqueline P. Cox |

**NOTICE OF MOTION FOR ENTRY OF FINAL DECREE
CLOSING CHAPTER 11 CASE**

**Please take notice** that on June 26, 2012, Reorganized 500 Oakwood LLC filed the attached Motion for Entry of Final Decree Closing Chapter 11 Case (the "*Motion*").

**Please take further notice** that a hearing on the Motion will be held on **July 3, 2012, at 9:30 A.M.**, before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 680 of the Everett McKinley Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, at which time and place you may appear.

Dated: June 26, 2012                                           **Reorganized 500 Oakwood LLC**

                                                               By: /s/ Jeffry K. Paulsen
                                                                One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
Jeffrey K. Paulsen (6300528)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
       slorber@wfactorlaw.com
       jpaulsen@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen, an attorney, hereby certify that on June 26, 2012, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion for Entry of Final Decree Closing Chapter 11 Case* to be served (1) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (2) on the other persons identified on the attached Service List by U.S. Mail.

/s/ Jeffrey K. Paulsen

# SERVICE LIST

**Registrants in the Case**
**(Service via ECF)**

| | |
|---|---|
| Adham Alaily | aalaily@ehrenbergeganlaw.com |
| Leslie Allen Bayles | leslie.bayles@bryancave.com |
| Alex Darcy | adarcy@askounisdarcy.com, jham@askounisdarcy.com |
| Aaron Davis | aaron.davis@bryancave.com, CHDocketing@bryancave.com;kat.flaherty@bryancave.com |
| Scott C. Frost | sfrost@howardandhoward.com, drizzuto@howardandhoward.com |
| Douglas C. Giese | dcg@h2law.com, dcgiese@hotmail.com |
| Adam B Goodman | adam@thegoodmanlawoffices.com |
| John T Hundley | jhundley@lotsharp.com, sharpbk@lotsharp.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Daniel Rubin | drubin@howardandhoward.com |
| L. Judson Todhunter | JTodhunter@howardandhoward.com |

**Other Parties in Interest**
**(Service by U.S. Mail)**

Alan D. Lasko
Alan D. Lasko & Associates PC
29 South LaSalle Street
Chicago, IL 60603

Brook Crompton USA Inc.
8001 Moving Way
Mentor, OH 44060

County Partnership for Economic
    Development
28055 Ashley Circle
Suite 212
Libertyville, IL 60048

Gilbert and Marie Voisin
96 Woodland Dr.
Lake Barrington, IL 60010

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Illinois Department of Revenue
Bankruptcy Division
Level 7-400
100 East Randolph Street
Chicago, IL 60601-6206

Internal Revenue Service
Mail Stop 5010 CHI
230 South Dearborn Street
Chicago, IL 60604

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

3

| | |
|---|---|
| Joel Nathan<br>Assistant U.S. Attorney<br>219 S. Dearborn Street<br>Chicago, IL 60604 | Lake County Department of Finance<br>Attn: Gary Gordon, Director<br>18 North County Street, 7th Floor<br>Waukegan, IL 60085 |
| Magil Corporation<br>c/o Gilbert Voisin<br>96 Woodland Dr.<br>Lake Barrington, IL 60010 | McMaster-Carr Supply<br>P.O. Box 4355<br>Chicago, IL 60680 |
| Village of Lake Zurich<br>Attn: Al Zochowski<br>70 East Main Street<br>Lake Zurich, IL 60047 | |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **500 Oakwood LLC**, | Bankruptcy No. 10-34821 |
| Debtor. | Honorable Jacqueline P. Cox |

### MOTION FOR ENTRY OF FINAL DECREE CLOSING
### CHAPTER 11 CASE

Reorganized 500 Oakwood LLC ("*Reorganized Oakwood*") hereby moves the Court pursuant to 11 U.S.C. § 350 and Rule 3022 of the Federal Rules of Bankruptcy Procedure for entry of a final decree, substantially in the form submitted herewith, closing the above-captioned chapter 11 case. In support of this motion, Reorganized Oakwood respectfully states as follows:

### JURISDICTION

1.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article 12 of the Amended Plan (defined herein). Venue of the case and this motion is proper in the district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2.      The predicates for the relief requested herein are sections 105(a) and 350 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "*Bankruptcy Code*") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

### BACKGROUND

3.      On August 3, 2010, (the "*Petition Date*"), 500 Oakwood LLC (the "*Debtor*") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned case (the "*Case*").

4. The Case was, for a time, jointly administered with the chapter 11 bankruptcy case of Magil Corporation ("*Magil*"), which was pending before this Court as case number 10-34831. Magil's bankruptcy case was dismissed on February 28, 2012.

5. During the Case, the Debtor managed its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No committee or trustee was appointed in the Case.

7. The Debtor's was the owner of the real estate at 500 Oakwood Road, Lake Zurich, Illinois (the "*Property*"). The Property is a modern, one-story, tilt-up concrete panel and brick industrial building with a front office section and rear warehouse/shop section. The office section is approximately 6,491.5 square feet and the shop section is approximately 34,980.9 square feet.

8. There was a first mortgage and a second mortgage on the Property. The first mortgage was held by Harris Bank and it secured a claim in the approximate amount of $800,000 (the "*Harris Claim*").

9. The Property was fully occupied by Magil.

10. On January 31, 2011, the Debtor filed a Combined Plan of Reorganization and Disclosure Statement. (*See* ECF No. 114.) On March 25, 2011, the Debtor filed an Amended Combined Plan of Reorganization and Disclosure Statement (the "*Amended Plan*"). (*See* ECF No. 172.)

11. The Debtor's disclosures were finally approved and the Amended Plan was confirmed on March 31, 2011. (*See* ECF No. 187.) The Effective Date of the Amended Plan was April 16, 2011.[1]

12. In an attempt to recover the maximum possible value for the Property, the Amended Plan provided Reorganized Oakwood 18 months after the Effective Date to sell

---

[1] All capitalized terms not specifically defined herein shall have the meaning ascribed thereto in the Plan.

2

the Property, with the proceeds from the sale being used to pay secured claims. (Am. Plan, ECF No. 172, at § 5.2.)

13.  In addition, Reorganized Oakwood was obligated to make monthly payments of principal and interest on the Harris Claim in the amount of $5,982 pursuant to the Amended Plan. (*Id*.) Failure to make such payments would constitute an Event of Default under the Amended Plan. (*Id*.)

14.  Reorganized Oakwood was unable to make monthly payments to Harris Bank because Magil was unable to meet its ongoing obligations under its confirmed plan, including its obligations to pay rent to Reorganized Oakwood.[2]

15.  Pursuant to the Amended Plan, in the event of uncured Event of Default, Harris Bank had the right to have the Property sold free and clear of liens and encumbrances pursuant to a sale under § 363 of the Bankruptcy Code. (*Id.* at § 5.2.a.1.) Harris Bank exercised this right and pursuant to approved bidding procedures and final, non-appealable sale order (ECF No. 244), the Property was sold pursuant to § 363. The proceeds of the sale have been distributed in accordance with the sale order and the Amended Plan.

16.  Thus, there is nothing further that needs to happen under the Amended Plan.

**BASIS FOR RELIEF REQUESTED**

17.  The court shall close a bankruptcy case after the estate is fully administered. 11 U.S.C. § 350(a); Fed R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."). Further, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title." 11 U.S.C. § 105(a).

18.  The Bankruptcy Code does not define the term *fully administered*, so courts "should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has

---

[2] The Magil Plan was confirmed on April 21, 2011. (*See* ECF No. 200.)

3

been fully administered." *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002). *See also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

19. The factors considered include: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. Fed. R. Bankr. P. 3022 Advisory Note.

20. Whether or not there is a possibility that a court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350(a). *Id.*

21. In light of sale of the Property, as set forth above, Reorganized Oakwood submits that the Case has been fully administered and that it is now appropriate to enter a final decree.

22. There is no need in the Case for further supervision by the Court, and in the unlikely event that an issue should arise, the Court retains jurisdiction under the Amended Plan to resolve such matters. (*See* Am. Plan, ECF No. 172, at art. 12.)

## NOTICE

23. Seven days' notice of this motion has been provided to: (i) the Debtor's creditors, (ii) those parties who have filed appearances or requested notices in the Case; and (iii) the United States Trustee (the "*Notice*").

24. Reorganized Oakwood submits that, under the circumstances, such Notice is adequate and that no other or further notice is required.

**Wherefore**, Reorganized Oakwood respectfully requests that the Court enter an order, substantially in the form submitted herewith, (a) entering an final decree and closing the Case and (b) granting such other and further relief as is just and proper.

Dated: June 26, 2012                                Respectfully submitted,

                    **Reorganized 500 Oakwood LLC**

                    By: /s/ Jeffrey K. Paulsen

William J. Factor (6205675)
Sara E. Lorber (6229740)
Jeffrey K. Paulsen (6300528)
**THE LAW OFFICE OF**
  **WILLIAM J. FACTOR, LTD.**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel: (847) 239-7248
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com
    slorber@wfactorlaw.com
    jpaulsen@wfactorlaw.com